| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **20-C-60780**<br>Court: **DISTRICT**<br>County: **HARDIN**<br>RADCLIFF |

Plantiff, WILLIAMS, JOY ANN VS. CONVERGENT OUTSOURCING, INC. ET AL, Defendant

**Exhibit A**

TO:  ROZLIN FINANCIAL GROUP, INC.
     C/O JASON T. ROOZEE
     1628 DEKALB AVENUE
     SYCAMORE, IL 60178

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*
Hardin Circuit Clerk
Date: 10/14/2020

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)
   To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

Summons ID: 285115819736829@00000333695
DISTRICT: 20-C-60780 Certified Mail
WILLIAMS, JOY ANN VS. CONVERGENT OUTSOURCING, INC. ET AL



Page 1 of 1

eFiled

Presiding Judge: HON. JOHN DAVID SIMCOE (709004)

Filed    20-C-60780    10/14/2020    Loretta Crady, Hardin Circuit Clerk

- Commonwealth of Kentucky
Hardin District Court
Case No. 20-C-60780
Div. RADCLIFF

Joy Ann Williams                                                     PLAINTIFF

v.

Convergent Outsourcing, Inc.                                         DEFENDANTS
Serve:
    C T Corporation System
    306 W. Main Street
    Suite 512
    Frankfort, KY 4060

Rozlin Financial Group, Inc.
Serve:
    Jason T. Roozee
    1628 Dekalb Ave.
    Sycamore, IL 60178

\* \* \* \* \*

## VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action brought by Plaintiff Joy Ann Williams for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the KRS 23A.010 and the FDCPA, 15 U.S.C. § 1692k. Venue is appropriate because Plaintiff resides in Hardin County, Kentucky, which is located within this district.

### PARTIES

3. Plaintiff Joy Ann Williams is a natural person who resides in Hardin County, Ky. Ms. Williams is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. §

1692a(3).

4. Defendant Convergent Outsourcing, Inc. ("Convergent") is a Foreign corporation, which has registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of others. Convergent's principal place of business is located at 800 SW 39th Street Suite #100, Renton, WA 98057. Convergent's primary purpose is the collection of "debt" within the meaning of the FDCPA, and, therefore, is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

5. Defendant Rozlin Financial Group, Inc. ("RFGI") is a Foreign corporation, which has not registered with the Kentucky Secretary of State and is engaged in the business of collecting debts on behalf of others. "RFGI is a licensed and bonded collection agency specializing in the recovery of past-due consumer accounts receivable."[1] RFGI's principal place of business is located at 1628 DeKalb Ave., Sycamore, IL 60178. RFGI's primary purpose is the collection of "debt" within the meaning of the FDCPA, and, therefore, is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### I. Facts and Claims as to Convergent

6. On April 4, 2020, Convergent sent Ms. Williams a dunning letter to collect on a Sprint contract for the sale of a cell phone and tablet plus cellular service.

7. The statute of limitations for collection of the Sprint contract for the sale of the cell phone and tablet is subject to a four-year statute of limitations under Kentucky's UCC. KRS 355.2-725.

8. Ms. Williams used the cell phone and tablet for personal, family, and/or household

---

[1] https://www.rfgionline.com/collection-agency-services (visited Aug. 20, 2020).

purposes, which makes the Sprint contract a "debt" within the meaning of the FDCPA.

9. Convergent's April 4th dunning letter makes clear that the Sprint contract went into default no later than October 2015.

10. Convergent's April 4th dunning letter did not advise Ms. Williams that the Sprint debt was past the applicable statute of limitations and that it would not sue her to collect the debt.

11. Convergent violated the FDCPA by attempting to collect a debt from her without advising her that the debt was time barred and that it would not sue her to collect the debt.

## II. Facts and Claims as to RFGI

12. On September 8, 2014, Ms. Williams cosigned a car loan with The Car Store for her son for the purchase of 2007 Chevrolet Impala.

13. The Impala was used solely for personal, family, and/or household purposes, which makes The Car Store loan a "debt" within the meaning of the FDCPA.

14. Her son's girlfriend added the Impala to her insurance policy.

15. Soon thereafter, her son broke up with his girlfriend.

16. While the consequences of the breakup are painfully obvious in this narrative, Ms. Williams' son failed to consider that his ex-girlfriend would drop him and the Impala from her insurance policy.

17. On November 17, 2014, Ms. Williams' son had an accident, which totaled the Impala.

18. Ms. Williams son could not afford to pay for a vehicle he no longer had. Nor could Ms. Williams make the payments once her stopped making them.

19. So, The Car Store loan went into default no later than December 2014.

20. Under Kentucky law, a vehicle loan is subject to a four-year statute of limitations.

-3-

*Barnes v. Cmty. Tr. Bank*, 121 S.W.3d 520, 524 (Ky. Ct. App. 2003).

21. On March 26, 2020, RFGI sent Ms. Williams a dunning letter to collect on a charged off The Car Store debt from her.

22. RFGI's March 26th dunning letter did not advise Ms. Williams that The Car Store loan was past the applicable statute of limitations and that it would not sue her to collect the debt.

23. RFGI violated the FDCPA by attempting to collect a debt from her without advising her that the debt was time barred and that it would not sue her to collect the debt.

### CLAIMS FOR RELIEF:

**I.   Claims against Convergent Outsourcing, Inc.**

24. The foregoing acts and omissions Convergent Outsourcing, Inc. constitute violations of the Fair Debt Collection Practices Act. Convergent violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute by, *inter alia*, attempting to collect the Sprint debt from her without advising her that it would not sue her to collect the debt because the applicable statute of limitations barred legal action to collect the debt.

**II.   Claims against Rozlin Financial Group, Inc.**

25. The foregoing acts and omissions Rozlin Financial Group, Inc. constitute violations of the Fair Debt Collection Practices Act. RFGI violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute by, *inter alia*, attempting to collect The Car Store debt from her without advising her that it would not sue her to collect the debt because the applicable statute of limitations barred legal action to collect the debt.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joy Ann Williams requests that the Court grant the following relief: